IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEMETRIUS LAREDO WALKER,

    Plaintiff,
v.                                        CASE NO. 1:16-cv-377-WTH-GRJ

GARY HERRON, et al.,

    Defendant.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a Complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The allegations of the Complaint stem from an incident at Mayo CI during which Plaintiff alleges that two officers violated his constitutional rights by using chemical spray on him without justification. ECF No. 1.

Plaintiff executed the complaint under penalty of perjury. ECF No. 1 at 8. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court

dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." ECF No. 1 at 3-4 (emphasis added). The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." ECF No. 1 at 3.

In response to these questions, Plaintiff identified one prior civil rights case: *Walker v. Poveda*, Case No. 8:15-cv-2814-EAK-TGW (M.D. Fla. 10/26/16) (summary judgment entered for defendants).

A review of the Court's PACER case index reflects that Plaintiff has filed two additional federal cases that he failed to disclose: *Walker v. Harvin*, Case No. 8:06-cv-1781-SDM-TBM (M.D. Fla. 10/5/06) (dismissing civil rights case for failure to prosecute); *Walker v. Sec'y*, Case No. 8:16-cv-1401-SDM-AAS (M.D. Fla.) (Pending habeas corpus case). The Court has confirmed that the Plaintiff in the undisclosed cases is the same as in this case, having DOC # 139961.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, the undisclosed habeas corpus case is currently pending, and therefore Plaintiff cannot plausibly claim that he should be

excused from the disclosure requirement.  Although the other civil rights case was filed around 10 years ago, the disclosure requirement extends to *all* cases filed while the inmate was incarcerated at any time.

The undersigned therefore concludes that dismissal of this case without prejudice for abuse of the judicial process is an appropriate sanction for Plaintiff's lack of candor.  The dismissal of this case for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g), but will not preclude Plaintiff from re-filing his claims in a properly-completed complaint form.  If Plaintiff accumulates three strikes, however, he will be prohibited from proceeding as a pauper in a civil case while he is incarcerated, unless he can demonstrate that he satisfies the "imminent danger" exception to the three-strikes bar.

Accordingly, it is **ORDERED** that the motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I)

**IN CHAMBERS** this 18th day of January 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**