UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEMETRIUS LAREDO WALKER,

      PLAINTIFF,

-vs-                                  Case No. 1:16-cv-00377-WTH-GRJ

E DAVENPORT, GARY HERRON,

      DEFENDANTS.
_____/

## O R D E R

      This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated January 18, 2017. (Doc. 5). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The time for filing objections has passed, and none have been filed. However, On February 8, 2017, Plaintiff filed his First Amended Complaint. (Doc. 6).

      Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted. Plaintiff's Amended Complaint appears to avoid dismissal of this case by attempting add the two additional cases identified by the Magistrate Judge's Report and Recommendation that did not appear in his first complaint form. As stated in the Report and Recommendation, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint

for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).

The purpose of the disclosure is to aid the Court in the management of its caseload. *See, e.g.*, *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. 2010) (discussing how the information contained in the form helps the court determine "whether the action is related to or should be considered in connection with another action[,] . . . whether a holding in another action affects the current action," and whether the pro se litigant has any "familiarity with the legal terrain of the current action"). If the Court allowed Plaintiff to cure the defect by simply amending the Complaint, Plaintiff would face no punishment for his failure to disclose. As such, "there would be little or no disincentive for his attempt to evade or undermine the purpose of the form." *Id.* The Court would potentially face "widespread abuse from its many prisoner litigants." *Id.* Judicial economy would not be served as the onus of discovering those prior actions would fall on either the Court or the opposing party. In short, amendment of the original complaint would not cure the problems which stem from Plaintiff's dishonesty. The only adequate sanction is dismissal without prejudice.

In conclusion, the Magistrate Judge was correct to recommend dismissal of Plaintiff's Complaint without prejudice. In failing to truthfully answer the civil rights complaint form, Plaintiff has abused the judicial process. For purposes of enforcing truthful disclosures on the form and, therein, promoting judicial economy, this Court must sanction Plaintiff. Dismissal without prejudice is an appropriate sanction for such abuse.

*Case No: 1:16-cv-00377-WTH-GRJ*

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The Magistrate Judge's Report and Recommendation, Doc. 5, is adopted and incorporated by reference in this order.

2.      The clerk is directed to enter the following judgment: "This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). The dismissal of this case for abuse of the judicial process operates as a "strike" pursuant to 28 U.S.C. § 1915(g)."

3.      The clerk is directed to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Gainesville, Florida this 10th day of February, 2017.

**UNITED STATES DISTRICT JUDGE**